**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **3:CR-21-287** |
| **v.** | : | **(JUDGE MANNION)** |
| **JAMES J. PEPERNO, JR.,** | : | |
| **Defendant** | : | |

**M E M O R A N D U M**

Before the court in this case with charges of corruption, bribery and related offenses is the pre-trial motion to sever counts, or, alternatively, to bifurcate the trial, filed by defendant James J. Peperno, Jr. (Doc. 35). Peperno is charged in an Indictment filed on September 28, 2021, with the following offenses: Count One, Conspiracy in violation of 18 U.S.C. §371; Counts Two and Three, Federal Program Bribery in violation of 18 U.S.C. §666(a)(1)(B) and 18 U.S.C. §666(a)(2), respectively; Counts Four and Five, Honest Services Wire Fraud in violation of 18 U.S.C. §1343 and §1346; Count Six, Travel Act in violation of 18 U.S.C. §1952(a)(3); Counts Seven and Eight, Money Laundering in violation of 18 U.S.C. §1956(a)(1); Count Nine, False Statement in violation of 18 U.S.C. §1001(a)(2); and Counts Ten and Eleven, Perjury in violation of 18 U.S.C. §1623(a). The Indictment also contains a forfeiture allegation. (Doc. 1).

Peperno was arraigned on September 29, 2021, at which time he entered a plea of not guilty to the charges.

On April 4, 2022, Peperno filed his motion for severance seemingly pursuant to Fed.R.Crim.P. 8(a) and 14, and he seeks the court to sever Counts 9, 10 and 11 at his trial from his remaining Counts, 1 through 8. Peperno alleges that he will be unduly prejudiced if Counts 9-11 are not severed from his other Counts. In the alternative, Peperno moves the court to bifurcate his trial on Counts 9-11.[1]

After being granted an extension of time, the government filed its brief in opposition to Peperno's motion to sever or bifurcate his trial on May 2, 2022. (Doc. 47). Peperno did not file a reply brief with respect to his motion and the time within which it was due has expired.

For the reasons set forth below, Peperno's motion for severance and/or bifurcation, **(Doc. 35)**, of Counts 9-11 from Counts 1-8 will be **DENIED**.

## I.      FACTUAL AND PROCEDURAL HISTORY

Counts 1 through 8 of the Indictment, (Doc. 1), charge Peperno with conspiracy, bribery, and related offenses regarding an alleged conspiracy with

---

[1]Also, on April 4, 2022, Peperno filed a motion *in limine* to preclude, under Federal Rules of Evidence 403, 404(b) and 609(b), the government from introducing at trial evidence of his prior conviction for mail fraud in United States v. Peperno, Crim. No. 3:06-CR-135 (M.D. Pa.). (Doc. 37). The court has decided Peperno's motion *in limine* in a separate Memorandum also filed this day.

Robert Semenza, President of the Old Forge Borough Counsel,[2] wherein Peperno is claimed to have solicited money from Individual #1 in exchange for official acts and promises by Semenza in connection with a civil action filed by Old Forge against Individual #1 and Company #1, regarding violations of zoning ordinances, in the Lackawanna County Court of Common Pleas. Counts 9, 10, and 11 of the Indictment charge Peperno with false statements and perjury in relation to the government's effort to collect restitution owed by Peperno from his sentence imposed with respect to his previous federal conviction for mail fraud in United States v. Peperno, Crim. No. 3:06-CR-135 (M.D. Pa.). Specifically, in Counts 9-11, it is alleged that on November 14, 2019, Peperno made a false statement on a revised Financial Statement of Debtor, and provided material false testimony at a debtor's exam hearing held before Judge Mehalchick to determine his ability to pay the delinquent restitution he owed from his 2006 criminal case when he was questioned about his income and access to bank accounts. Further, the Indictment alleges that when Peperno was asked about his assets and financial accounts he testified that he had no income and no access to bank accounts when, in fact, he actually had received approximately $6,000 from Individual #1, (regarding some of

---

[2]Semenza was also charged by way of an Information in U.S. v. Robert Semenza, Crim. No. 3:21-CR-171 (M.D. Pa.). On June 15, 2021, Semenza pled guilty to one count of Federal Program Bribery in violation of 18 U.S.C. §666(a)(1)(B). Currently, Semenza is awaiting sentence.

the offenses charged in Counts 1-8 of the present Indictment), and had deposited the money in a bank account held in his parents' names to which he had access.

On April 4, 2022, Peperno filed his motion for severance, (Doc. 35), and brief in support, (Doc. 36), alleging that "he will be prejudiced by going to trial on Counts 1 through 8, at the same time as Counts 9 through 11, because the jury will learn of his earlier conviction [in United States v. James J. Peperno, Jr., Crim. No. 3:06-CR-135 (M.D. Pa.)] for mail fraud" since "Counts 9 through 11 charge [him] with false statement and perjury in relation to the Government's effort to collect restitution from [him] on an earlier federal conviction for mail fraud." He also contends that the potential for prejudice, if the charges in Counts 9-11 are tried in the same trial as the charges in Counts 1-8, outweighs the expense and time of separate trials.

## II.     DISCUSSION

### 1. Motion for Severance

#### a.  Severance Pursuant to FRCP 8(a)

Although Peperno's motion is not clear as to all of the Rules upon which he is relying, the court will construe it as being filed under both Rules 8(a) and 14.

The purposes of Rules 8 and 14 are "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without

substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 131 n. 6, 88 S.Ct. 1620 (1968). Federal Rule of Criminal Procedure 8(a) addresses the joinder of offenses and provides:

(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

As such, Rule 8 requires a "transactional nexus" between the joined offenses. United States v. Stevens, 188 F. Supp. 3d 421, 423 (M.D. Pa. 2016). Since Peperno claims Counts 9-11 were improperly joined under Rule 8(a), he must prove actual prejudice from the misjoinder. United States v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987).

Thus, the more permissive standard of Rule 8(a), governs Peperno's challenge to the joinder of all Counts charged against him in a single trial, i.e., it is enough for joinder that the defendant is involved in offenses of the same or similar character. When determining the propriety of joinder of offenses, the court can consider the face of the indictment, Irizarry, 341 F.3d at 287, as well as pretrial documents that show the factual connections between the counts and "any offers of proof submitted by the government." United States v. Avila, 610 F. Supp. 2d 391, 395 (M.D. Pa. 2009).

5

The Third Circuit in U.S. v. Heilman, 377 Fed.Appx. 157, 202 (3d Cir. 2010), explained when offenses may be joined and stated:

> [C]ounts are similar if they are "somewhat alike" or share "a general likeness," or otherwise have a sufficient logical connection and can be tried using the same evidence. *See* United States v. Rivera, 546 F.3d 245, 253 (2d Cir. 2008); United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001) ("[W]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate."). Moreover, offenses may be joined if they occurred within a relatively short period of time of each other and the evidence of each overlaps. *See* United States v. Donaldson, 978 F.2d 381, 391 (7th Cir. 1992).

Here, the court finds that all of the offenses in the Indictment against Peperno, Counts 1-11, are properly joined and will be tried together. As the government points out, a plain reading of the Indictment shows that Counts 9-11 are intricately related to Counts 1-8, since the false statement and perjury charges in Counts 9-11 are predicated upon the alleged bribe money he received charged in Counts 1-8. Specifically, it states that "[t]he false statement and perjury charges alleged against Peperno are intertwined and overlap with the underlying bribery and money laundering scheme; indeed, the former would not exist but for the latter." (Doc. 47 at 2). Also, as the government notes, (Id. at n. 1), "the indictment specifically alleges that Peperno's false and perjurious statements about having neither income nor access to bank accounts (charged in Counts 9 through 11), are directly contradicted by his acceptance and deposit of bribery money into his parents' bank account (charged in Counts 1 th[r]ough [8])." Further, the false

6

statement and perjury offenses in Counts 9-11 against Peperno are charged to have essentially occurred during the same time period when he was also allegedly receiving bribe money from Individual #1, and it was this money which served as the basis for the false statement and perjury charges in Counts 9-11 regarding his assets and his ability to pay his delinquent restitution imposed in his prior mail fraud case. *See* Walker, 657 F.3d at 170 (Third Circuit found that joinder of offenses was proper where the close proximity in time between offenses showed "that the various charges were part of the same series of transactions."); *see also* Green, 563 Fed.Appx. at 917 (the Third Circuit found that "[t]he approximate month-long time period between each robbery d[id] not militate against joinder," and stated that "charges separated by 'a period of a little over a month ... suggests that the various charges were part of the same series of transactions.'" (quoting Walker, 657 F.3d at 170)).

Additionally, Counts 9-11 allege that Peperno's statements and representations forming the perjury and false statement offenses were made in his November 14, 2019 Financial Statement and during his debtor's exam, and that they "were false because, [he] then and there knew, between on or about October 21, 2019 and November 5, 2019, [he] accepted a total of approximately $6,000 from Individual #1." (Doc. 1 at 24). Moreover, it is clear from reading the Indictment that false statement and perjury offenses charged in Counts 9-11 and the

conspiracy, fraud and bribery related offenses charged in Counts 1-8 go hand-in-hand since the funds to which Counts 9-11 charge Peperno with falsely testifying about were the alleged funds he received from the offenses charged in Counts 1-8.

Thus, since the dates that Peperno allegedly received the bribe money from Individual #1 (Counts 2 & 3) occurred in October 2019 and November 2019, coincide with his November 14, 2019 financial statement and testimony forming the basis for Count 9-11, the court finds that there is a temporal and logical connection between these charges such that they are part of a common scheme or plan. Gorecki, 813 F.2d at 42.

In short, it is hard to fathom a closer connection between counts charged in an Indictment than the connection between Counts 1-8 and Counts 9-11. But for the alleged bribe money Peperno received as charged in Counts 1-8, there would have been no alleged false statement and perjury charges in Counts 9-11.

As such, the court finds that Counts 9-11 are properly joined with Counts 1-8 under Rule 8(a). *See* U.S. v. Hartley, 2022 WL 1019225, *5 (M.D. Pa. April 2, 2022) (court denied defendant's motion for severance under Rule 8(a) since "[t]here is a clear temporal nexus between the thirteen counts in the Superseding Indictment as Defendant's three alleged schemes overlap with each other, and,

…, the charges share a sufficient logical connection because they all involve schemes to defraud for Defendant's alleged personal monetary gain.").

**b. Severance Pursuant to FRCP 14(a)**

"[E]ven if offenses are properly joined under Rule 8(a), Federal Rule of Criminal Procedure 14 permits courts to order separate trials or devise other relief if the joinder appears to prejudice a defendant." *Id*. Thus, "[b]cause joinder of [Counts 9-11] was appropriate under Rule 8(a), the Court turns to Federal Rule of Criminal Procedure 14, which deals with relief from prejudicial joinder." U.S. v. Terry, 2022 WL819200, *3 (W.D. Pa. March 12, 2022).

In Terry, *id*., the court recently explained:

> Rule 14(a) provides the following: "[i]f the joinder of offenses ... in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts ... or provide any other relief that justice so requires." Fed. R. Crim. P. 14(a). Motions for severance "rest in the sound discretion of the trial judge." United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981). Even if "a judge is found to have abused his or her discretion in denying a motion to sever, a conviction will not be overturned unless the appellant meets the 'heavy burden' of demonstrating 'clear and substantial prejudice resulting in a manifestly unfair trial.'" Stevens, 188 F. Supp. 3d at 425. Mere "allegations of prejudice are not enough; and it is not sufficient simply to establish that severance would improve the defendant's chance of acquittal." Reicherter, 647 F.2d at 400.

Thus, even if counts are properly joined under Rule 8, "the Court may sever [ ] offenses under Rule 14 '[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses [ ] in an indictment or information or by such

joiner for trial together.'" Adens, 2015 WL 894205, at *2 (citing Fed.R.Crim.P. 14). Further, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. (quoting Zafiro, 506 U.S. at 539).

As indicated, there is a "heavy" burden on the defendant to show "clear and substantial prejudice resulting in a manifestly unfair trial." *Id*. (quoting United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991)). Additionally, "[e]ven when the risk of prejudice is high, less drastic measures than severance (such as limiting instructions) 'often will suffice to cure any risk of prejudice.'" *Id*. (quoting Zafiro, 506 U.S. at 539). As such, "the appropriate question for the Court on a motion under Rule 14 is whether the jury can 'reasonably be expected to compartmentalize the evidence as it relates to the separate [counts] in view of its volume and limited admissibility.'" *Id*. (quoting United States v. Serubo, 460 F.Supp. 689, 694 (E.D. Pa. 1978) ); *see also* Jones, 2016 WL 3067010, *26 ("Rule 14 provides the court discretion to order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires, if joinder of offenses appears to prejudice either the defendant or the government.") (citations omitted).

In his brief in support of his motion to sever, Peperno simply argues that "his right to a fair trial will be prejudiced by the jury learning of his prior conviction for

mail fraud." Peperno has clearly failed to meet his burden to establish a violation of Rule 14 by showing that the "denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial", and by failing to show that "there is a serious risk that a joint trial would compromise a specific trial right of [him], or prevent the jury from making a reliable judgment about guilt or innocence." U.S. v. Staton, 605 Fed.Appx. 110, 114 (3d Cir. 2015) (citing Zafiro v. United States, 506 U.S. 534, 539–40, 113 S.Ct. 933 (1993)). Further, Peperno's contention that "he will be prejudiced by going to trial on Counts 1 through 8, at the same time as Counts 9 through 11, because the jury will learn of his earlier conviction for mail fraud" is based only on speculation and generalized allegations of prejudice, which are insufficient. *Id*.

Additionally, as the government points out, (Doc. 47 at 5-6), "evidence of [Peperno's alleged] false and perjurious statements is proper Rule 404(b) evidence of his motive to commit the money laundering offenses, as both activities were undertaken to shield his liquid assets from enforcement of his restitution obligation", and "the jury may readily find that part of Peperno's motive for making the false and perjurious statements was to avoid further inquiry from the government about the source of those funds (an [alleged] ongoing bribery scheme)." Indeed, trying all of the charges together, Counts 1-11, will allow the jury to hear the entire alleged plan of Peperno, and due to the clear and logical

11

relationship between charges, the joinder of the charges in one trial promotes judicial economy and the efficient administration of justice. *See* Hartely, 2022 WL 1019225, *7 (holding "that evidence of one alleged fraudulent scheme may be admissible under Rule 404(b) as relevant evidence of Defendant's motive, opportunity, intent, absence of mistake, or the lack of accident when committing another alleged fraudulent scheme", and that "[t]his cross admissibility of Rule 404(b) evidence further militates against finding prejudice.") (citations omitted).

The court finds that the reasons offered by Peperno do not warrant severance of Counts 9-11 from Counts 1-8 under Rule 14(a). The court also finds that Peperno has failed to satisfy the "heavy burden" to show that he is entitled to a severance, and has failed to "pinpoint clear and substantial prejudice" from the joinder of all of the Counts at his trial. United States v. Thompson, 219 F.Supp.3d at 507 (citation omitted).

At best, Peperno has only shown that "severance [may increase] [his] chances of acquittal" which is not sufficient. McGlory, 968 F.2d at 340. Nor has Peperno made a showing that the jury will not be able to compartmentalize any evidence against him regarding Counts 9-11 from the evidence related to Counts 1-8. *See id.*

To reduce any potential prejudice to Peperno, the government represents that "[it] has agreed to refrain from introducing the underlying nature of Peperno's

prior [mail fraud] conviction, and even its very name," and that "in proving the false statement and perjury charges, [it] seeks only to admit evidence that Peperno was subject to an order of restitution associated with a prior federal conviction." (Doc. 47 at 8). Additionally, the court will instruct the jury that Peperno is charged with several offenses and that each offense is charged in a separate count of the indictment. The court will further instruct the jury as follows:

> The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense. Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

*See* Third Circuit's Model Jury Instruction §3.12

As the Third Circuit stated, McGlory, 968 F.2d at 340, "[j]urors are presumed to follow [the court's] instructions." (citation omitted). *See also* Zafiro, 506 U.S. at 538-39 ("Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.")).

Therefore, in balancing "the potential prejudice to the defendant [Peperno] against the advantages of joinder in terms of judicial economy", which the court must do, Tutis, 167 F.Supp.3d at 692, the court finds that a single trial for all of the Counts in the Indictment against Peperno is appropriate.

13

## 2. Motion to Bifurcate

As an alternative to severance, Peperno requests the court to bifurcate the trial on Counts 9, 10, and 11, "to obviate the prejudice that would result should the jury learn of Peperno's mail fraud conviction prior to deliberating on the charges involving corruption, bribery, and related offenses." Peperno contends that bifurcation will reduce the prejudicial impact of his prior felony conviction by having the evidence on Counts 9-11 withheld until the jury has decided the charges in Counts 1-8.

The Third Circuit in United States v. Busic, 587 F.2d 577, 585 (3d Cir. Cir. 1978), explained that bifurcation is a "two-stage trial, whereby the jury, having reached a verdict on the other counts, would then proceed to consider the counts requiring proof of prior convictions." As such, bifurcation can be used to reduce the prejudicial effect of introducing evidence of Peperno's prior mail fraud conviction while preserving judicial efficiency. "[C]ourts in [the Third Circuit] have opted to bifurcate the counts for trial when evidence of prior convictions was not admissible as to the other counts", however, "courts have refused to either sever or bifurcate when evidence of the prior offenses could be admitted at trial on the other counts." U.S. v. Stanton, 2013 WL 529930, *4 (W.D. Pa. Feb. 11, 2013) (internal citations omitted).

14

The court will deny Peperno's alternative request for bifurcation based on its discussion above regarding his motion for severance, particularly since the evidence for some of the charges in Counts 1-8 would be admissible in a trial regarding the charges in Counts 9-11, i.e., the money and accounts that Peperno allegedly gave false statements about in Counts 9-11 was the alleged bribe money at the heart of many of the charges in Counts 1-8. Also, as will be discussed more completely in the court's Memorandum addressing Peperno's motion *in limine*, Peperno's mail fraud conviction and his restitution Order are intrinsic evidence for Counts 9 through 11, and they are admissible under Rule 404(b) regarding the two money laundering Counts, 7 and 8. No doubt intrinsic evidence includes evidence that "directly proves the charged offense." United States v. Green, 617 F.3d 233, 248–49 (3d Cir. 2010) (citations omitted). The evidence of Peperno's mail fraud conviction and restitution obligation is clearly admissible as part and parcel of the offenses charged in Counts 9-11.

Thus, bifurcation of Counts 9-11 is not warranted.


## III.    CONCLUSION

For the aforementioned reasons, defendant Peperno's motion for severance, or, alternatively for bifurcation, of Counts 9-11 from Counts 1-8 at his trial, **(Doc. 35)**, is **DENIED IN ITS ENTIRETY**. All of the charges against Peperno in the

15

Indictment, (Doc. 1), will be tried jointly on July 11, 2022. An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Court**

**Dated: June 21, 2022**
21-287-02